# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAMON WILLIAM STANLEY, | : | Civil No. 1:20-CV-2258 |
| Plaintiff, | : | |
| v. | : | |
| B. FROCK, CORRECTIONS OFFICER 1, *et al.*, | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

## MEMORANDUM

Before the court are four discovery related motions filed by self-represented Plaintiff Damon William Stanley. (Docs. 13, 24, 28, 29.) For the reasons that follow, Stanley's first motion to compel, Doc. 13, will be granted in part and denied in part. Plaintiff's second motion to compel, Doc. 24, will be denied. Plaintiff's third motion to compel, Doc. 29, will be deemed withdrawn due to his failure to file a supporting brief. Finally, Defendants will be directed to respond to Plaintiff's motion challenging the sufficiency of their answers to his request for admissions, Doc. 28. The court will extend the dispositive motions deadline to allow the parties time to address the unresolved discovery matters.

### RELEVANT FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Damon William Stanley ("Stanley" or "Plaintiff"), a state inmate formerly housed at the Smithfield State Correctional Institution ("SCI-Smithfield"), in

Huntingdon, Pennsylvania,[1] filed this action on December 2, 2020 against Corrections Officer ("CO") Frock and CO Smith for an alleged violation of his Eighth Amendment rights. (Doc. 1.) Stanley alleges that on January 6, 2019, both CO Frock and CO Smith were working on SCI-Smithfield's K–A Block between 8 p.m. and midnight. After Stanley was upset by an answer CO Frock provided to a request for information, he attempted to commit suicide in front of CO Smith by swallowing two hand-made knives. CO Smith and CO Frock allegedly ignored Stanley's request to call a Lieutenant and a nurse. (Doc. 1-1.) CO Frock refused to call medical "until I get to spray you so cover up." (*Id.*, p. 3.)[2]

Defendants filed an answer to the complaint on February 19, 2021. (Doc. 10.) On February 22, 2021, the court issued a case management order and pre-trial schedule. (Doc. 11.). Following requests from the parties, the discovery period was extended to November 30, 2021, and the filing of dispositive motions deadline is April 1, 2022. (Doc. 34.)

The parties are presently engaged in discovery. On June 7, 2021, Stanley filed his first motion to compel challenging Defendants' responses and objections to his first request for production of documents. (Doc. 13.) Defendants opposed

---

[1] On April 7, 2021, Stanley notified the court of his transfer to SCI-Forest, in Marienville, Pennsylvania.

[2] For ease of reference, the court utilizes the page numbers from the CM/ECF header.

2

the motion on June 21, 2021 asserting, *inter alia*, they properly responded to his first and second request for production of documents. Defendants argue that they provided all but six documents responsive to Stanley's requests and that their objections to producing the documents are proper. (Doc. 15.) Stanley filed a reply brief challenging Defendants' assertion that the disputed documents are not relevant to his case and stating that he would be willing to accept alternative information. (Doc. 19.)

On September 3, 2021, Stanley filed a second motion to compel after Defendants refused to provide him with a copy of his deposition transcript. (Doc. 24.) Defendants objected to the motion noting that he is not entitled to a free copy of his transcript, even if requested via discovery. (Doc. 27.)

On September 20, 2021, Stanley filed a motion challenging the sufficiency of Defendants' responses to his requests for admissions. (Doc. 28.) Plaintiff's supporting brief was originally appended to his motion, but later, at the direction of the court, docketed separately. (Doc. 32.) Defendants have neither responded to this motion nor sought an enlargement of time to do so.

On October 28, 2021, Stanley filed another motion to compel and motion for sanctions against Defendants for their failure to respond to his third request for

production of documents and interrogatories addressed to both Defendants.[3] Stanley adds that the court, on September 8, 2021, when extending the discovery period and dispositive motions deadline, also directed Defendants to respond to this discovery by October 4, 2021. (Doc. 29.) Stanley did not file a brief in support of his motion as required by M.D. Pa. Local Rule 7.5.[4] Defendants have not responded to Plaintiff's motion.

On February 3, 2022, Stanley requested the court to schedule a conference call to resolve the outstanding discovery disputes. (Doc. 35.)

## MOTION TO COMPEL STANDARD OF REVIEW

Federal Rule of Civil Procedure 26(b)(1) defines the scope of discovery as "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case… Information within the scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(1); *see also Democratic Nat'l Committee v. Republican Nat'l Committee*, 2019 WL 117555, at *2 (3d Cir. Jan. 7, 2019) ("The court may limit discovery to ensure its scope is proportional to the needs of a case."). As such, "all relevant material is discoverable unless an applicable evidentiary privilege is asserted." *Pearson v.*

---

[3] Although Stanley labels this as his second motion to compel, it is actually his third motion to compel filed with the court and will be referenced as such.

[4] Stanley was provided with a copy of relevant portions of the court's Local Rules, including Rule 7.5, on December 4, 2020. *See* Doc. 5.

*Miller,* 211 F.3d 57, 65 (3d Cir. 2000).  A matter is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action."  Fed. R. Evid. 401.  It is well-established that the scope and conduct of discovery are within the sound discretion of the trial court.  *In re Fine Paper Antitrust Litig.*, 685 F.2d 810, 817–18 (3d Cir. 1982.)  Furthermore, the court may limit discovery if the discovery sought is unreasonably cumulative, duplicative, or readily obtainable from some other source, the party seeking discovery has had ample opportunity to obtain the information through discovery, or the prosed discovery is outside the scope permitted by Fed. R. Civ. P. 26(b)(1).  *See* Fed. R. Civ. P. 26(b)(2)(C).

Under Rule 37 of the Federal Rules of Civil Procedure, "a party seeking discovery may move for an order compelling an answer, designation, production, or inspection."  Fed. R. Civ. P. 37(a)(3)(B).  The court may order a party to provide further responses to an "evasive or incomplete disclosure, answer, or response."  Fed. R. Civ. P. 37(a)(4).

### DISCUSSION

**A. Stanley's First Motion to Compel (Doc. 13)**

Stanley contests Defendants' responses to paragraphs f, g, h, i, k, and l of his first request for production of documents.  *See* Docs. 14, 15, 15-1, 15-2, and 18.  The court will individually address the disputed responses.

> **¶f. Video footage from Block K-A on the date of January 6, 2019 between the times of 7 pm to 10 pm.**

Although Defendants objected to the request as overbroad, their response also noted that the requested video footage existed at one point, but was not retained pursuant to Department of Corrections ("DOC") policy. *See* Doc. 15-2. While Stanley disputes whether the prison should have retained the footage, he does not offer any proof of its current existence or that it is being withheld from him. The court cannot compel the production of evidence that does not exist.

> **¶g. Video footage and photos taken on January 7, 2019 of Plaintiff and psychiatric observation cell ["POC"] video footage of plaintiff from the date of January 7, 2019.**

Defendants did not object to this request, rather they state Stanley was neither videotaped nor photographed while in the POC. *See* Doc. 15, p. 5; Doc. 15-2, p. 4. Stanley does not claim such evidence exists and is being withheld from him, rather he argues that the absence of such evidence suggests Defendants failed to follow DOC policy. This argument is not an appropriate basis of a motion to compel, but may be argued prior to or during a trial.

> **¶h. Copies of Defendants' misconduct history and past grievances against Defendants relating to medical neglect, misuse of force, abuse of power, and denial of mental health services.**

Defendants object to this request as overbroad and unduly burdensome, but confirm that they "have received NO relevant discipline in their employment with

the DOC." (Doc. 15-2, pp. 4–5.) To the extent Stanley seeks the disclosure of every inmate grievance filed against Defendants relating to the denial of medical or mental health care or the misuse of power or force, the request will be denied as unduly burdensome, overbroad, and unwarranted as it may expose the confidential information of uninvolved individuals (i.e. other inmates). Defendants, however, will be required to disclose documents related to any instance where a court/jury found either Defendant to have violated an inmate's Eighth Amendment rights by exhibiting deliberate indifference to a serious medical/mental health need or by using excessive force against an inmate.

> **¶i. List of all inmates' names and inmate numbers and cells who were housed on Block K-A on January 6, 2019.**

Defendants do not state that documents responsive to this request do not exist. Instead, they object to the request stating that it seeks "personally-identifying and confidential" information of other inmates that would create safety and security concerns if disclosed. (Doc. 15-2, p. 5.) In support of their objection, Defendants cite a DOC policy–DC-ADM 003 Release of Information–which prohibits inmates from receiving information pertaining to another inmate other than him/herself for security and safety reasons. They also cite a litany of cases denying an inmate-plaintiff's request for documents that would disclose

confidential information and present security concerns due to the nature of the documents requested. (Doc. 15, p. 10.)

While the court agrees in principle that the release of inmate medical, mental health, misconduct history, or informant status should not be released to other inmates, that is not what Plaintiff is seeking in this request unless their housing assignment would disclose such information. Moreover, Defendants do not address Stanley's argument that without access to the video recording of the events of January 6, 2019 he has no other means to identify potential witnesses in his case other than requesting the name and identification numbers of those housed around him. Additionally, Defendants do not dispute Stanley's claim that the DOC's recent repurposing of SCI-Smithfield has likely led to the transfer of most, if not all, of Stanley's potential witnesses, thus undercutting Defendants' argument that the release of the requested information would present a safety and security risk to the normal operation of SCI-Smithfield. Accordingly, Defendants' objection to this request is overruled.

However, the court agrees that the information relevant to *every* inmate housed on the housing unit does not need to be disclosed. Instead, Defendants should produce the requested information for those inmates housed in the two cells immediately to the left and to right of Stanley's cell as well as the identical cells on the tier above (or below ) Stanley's cell. If there are cells directly across from

Stanley's cell, the corresponding information should be related.  Finally, the parties should not construe the court's ruling on this matter as a *carte blanche* authorization of Stanley's unfettered contact with the identified individuals.  Stanley must follow all DOC policies and procedures should he wish to communicate with individuals who are housed at other facilities.

### ¶k. All block notes taken by staff regarding plaintiff, the above-captioned matter, and psychiatric observation cell from January 6, 2019 to January 7, 2019.

Defendants objected to the request as worded, specifically what was meant by "block notes," but made Stanley's medical records from January 6, 2019 through January 12, 2019 available to him.  (Doc. 15-2, p. 6.)  Stanley later clarified what he meant by "block notes," as "notes made by block officers which are made in regard to every individual housed" on the unit.  (Docs. 14, 15.)  Defendants again objected to the request, noting that Stanley "did not specify a relevant time period for these notes." (Doc. 15, pp. 8–9.)  However, Stanley's initial request does provide a relevant time frame – January 6 to 7, 2019.  (Doc. 14.)  Accordingly, to the extent the K-A Block officers made any notes on Stanley from January 6, 2019 to January 7, 2019, such notes should be produced, or Defendants may file a motion for a protective order as to the responsive documents.

> ¶l. **Sworn testimony regarding proper policies, procedures, and staff conduct in regard to mental health emergencies, medical emergencies response protocol, suicide prevention.**

Defendants objected to this request as stated due to Stanley's failure to provide a definition at to what he meant by "sworn testimony." (Doc. 15-2, p. 6.) Defendants further responded that DOC policies are publicly available for his review in the institution's library. Plaintiff provided the following additional information with respect to this request. "The request for sworn testimony is the declarations and/or affidavits of the individuals specifically in charge of overseeing the policies of Mental Health Emergencies, Medical Emergencies Response protocol and suicide prevention relating to the accusations made in the lawsuit." (Doc. 14-1, p. 16.) Defendants respond that Stanley redefined this request in his second request for production of documents asking for specific DOC policies, 6.5.1 and 6.3.1, which are confidential and cannot be released to inmates. (Doc. 15, p. 11.) Stanley counters that he is not seeking disclosure of those policies via his motion to compel. (Doc. 18, p. 10.) Rather, he seeks the sworn testimony of staff relating to mental health emergencies, medical emergency response protocols and suicide prevention. (*Id*.)

In the court's discretion in resolving discovery disputes, the court sustains Defendants' objection as to the wording of the request, which is open ended and poorly defined. To properly respond to the request, as posed, Defendants would

10

need to determine if the policies in question were ever the topic of any form of hearing or judicial proceeding, which may also involve the privacy rights of other non-party individuals, and then produce such transcripts if available. As worded, the request is overbroad. For these reasons, Defendants' objection is sustained.

### B. Stanley's Second Motion to Compel (Doc. 24)

Stanley seeks to compel Defendants to provide him with a free copy of his deposition in this matter. (Doc. 24.) Defendants advised Plaintiff that he must pay for the transcript. (Doc. 27.) Defendants are correct. There "is no provision in the [*in forma pauperis*] statute for the payment by the government of the costs of deposition transcripts, or any other litigation expenses, and no other statute authorizes courts to commit federal monies for payment of the necessary expenses in a civil suit brought by an indigent litigant." *Tabron v. Grace*, 6 F.3d 147, 158–59 (3d Cir. 1993). Accordingly, the motion will be denied.

### C. Stanley's Motion Challenging the Sufficiency of Defendants' Answers and Objections to his First Request for Admissions (Doc. 28)

Plaintiff filed a properly supported motion challenging the sufficiency of Defendants' responses to his request for admissions. (Docs. 28, 32.) Defendants have neither filed a response nor sought an enlargement of time to respond. Accordingly, Defendants will be directed to file a response to this motion.

### D. Stanley's Third Motion to Compel (Doc. 29)

Plaintiff's third motion to compel will be deemed withdrawn due to his failure to comply with M.D. Pa. Local Rule 7.5.

### E. Stanley's Requestion for a Status Conference (Doc. 35)

Based on the court's resolution of the pending discovery motions, and direction to the Defendants to amend some of their discovery responses, and to file a response to Stanley's motion challenging the sufficiency of their request for admission responses, a status conference in this matter would be premature. However, in light of these unresolved matters, the court will extend the dispositive motions deadline by ninety days to allow the parties, and the court, to address any lingering discovery issues.

An appropriate order follows.

s/ Jennifer P. Wilson<br>
United States District Court Judge<br>
Middle District of Pennsylvania

Dated: February 15, 2022